# EXHIBIT A

Matthew S. Long, #022566
ROWLEY LONG & SIMMONS PLLC
3707 E Southern Avenue, Ste. 1103
Mesa, Arizona 85206
P: (480) 500-7028
Firm Email: info@votslaw.com

*Attorneys for Plaintiff*

FILED PINAL COUNTY
SUPERIOR COURT
AMANDA STANFORD

MAY 1 0 2017



RECEIVED
MAY 1 2 2017
By _____

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| SCOTT STROBEL; SUSAN STROBEL; RYAN STROBEL; LARRY STROBEL; and LOGAN STROBEL, A Minor, by and through his next friend, SCOTT STROBEL | Case No.: CV2017-00435 |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| vs. | (Assigned to the Honorable Stephen F. McCarville) |
| PINAL COUNTY; THE PINAL COUNTY BOARD OF SUPERVISORS; M. LANDO VOYLES; PAUL BABEU; SHAWN WILSON; TIM GAFFNEY; DOES I-XX and BLACK & WHITE CORPORATIONS I-V, | |
| Defendants. | |

Plaintiffs Scott Strobel, Susan Strobel, Larry Strobel, Logan Strobel, and Ryan

Strobel, for their Complaint against Pinal County, Arizona, M. Lando Voyles, and Paul

Babeu, state as follows:

INTRODUCTION

1.   This is an action for money damages, declaratory, and injunctive relief brought pursuant

to 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under the law of the State of Arizona, against former Sheriff Paul Babeu and former County Attorney M. Lando Voyles in their individual and official capacities and against Pinal County, Arizona.

2.  Plaintiff Scott Strobel alleges that Defendants Babeu and Voyles engaged in a conspiracy to violate his civil rights by pursuing a criminal investigation and prosecution against him without probable cause and for the purpose of retaliating against him for the exercise of his First Amendment right to free speech. He further alleges that Defendant Babeu maliciously or with reckless disregard for the truth made false statements to the media that adversely affected Plaintiff's reputation, that Babeu engaged in extreme and outrageous conduct that caused Plaintiff severe emotional distress and resulted in his constructive discharge from his employment.

3.  Plaintiffs Susan, Ryan, Larry, and Logan Strobel allege that Defendant Babeu engaged in conduct so extreme and outrageous that their intense emotional distress was the necessary result, and that they did suffer intense emotional distress as a result of Babeu's conduct.

## JURISDICTION AND VENUE

4.  The events giving rise to the cause of action set forth herein occurred within the County of Pinal, State of Arizona, therefore, this Court has jurisdiction over the subject matter and the parties to this litigation.

5.  This Court may exercise concurrent jurisdiction over Plaintiff's claims that arise under federal law.[1]

---

[1] *Howlett v. Rose*, 496 U.S. 356 (1990).

PARTIES

6.  At all times relevant to this Complaint, Plaintiffs were residents of the State of Arizona, County of Pinal.

7.  Defendants Babeu, Wilson, Gaffney, and Voyles were, at all times relevant, acting under color of state law.

8.  Defendants Babeu, Wilson, and Gaffney are sued in their individual and official capacities.

9.  Voyles, who at all times relevant, was making administrative decisions, not prosecutorial ones, is sued in his individual capacity.

10. That Defendant, Pinal County, Arizona, upon information and belief, is a public entity existing under the laws of the State of Arizona and has been duly noticed of this claim pursuant to A.R.S. § 12-821, et seq., and Rule 4(d) of the Arizona Rules of Civil Procedure.

11. The alleged acts were committed by the Defendants or employees acting at Defendants' direction.  At the time of the alleged conduct, both the Defendants and their employees were acting in the course and scope of their employment with Pinal County, Arizona.

12. The "Doe" Defendants I-XX are each fictitious names to designate unknown parties who may have in some manner contributed to Plaintiffs' injuries and damages and are liable therefore.  The true names for said Defendants are unknown to the Plaintiffs at this time and leave of Court is sought to amend this Complaint to include their true names after they are discovered.

## FACTS COMMON TO ALL COUNTS

13. Between November 2015 and March 2016, Defendant Babeu and other members of the Pinal County Sheriff's Office initiated and conducted a criminal investigation that targeted Plaintiff, Scott Strobel.

14. At all times relevant Scott Strobel was an Arizona Post certified law enforcement officer employed as a Pinal County Sheriff Deputy.

15. On April 20, 2008, an article was published on the East Tribune's webpage identifying Scott Strobel as a political enemy of Paul Babeu.

16. On October 23, 2008, The Casa Grande Dispatch published a letter to the editor wherein Scott, Susan, and Ryan Strobel publicly declared their support for Paul Babeu's political enemy.

17. On October 28, 2008, an article was published on pinalcentral.com identifying Scott Strobel as a person loyal to Paul Babeu's political enemy.

18. Upon information and belief, Babeu believed and/or perceived that Scott Strobel was his political enemy.

19. In 2009, Paul Babeu disciplined Scott Strobel without cause by removing him as trainer of the K-9 unit and assigning him to a desk position.

20. Between 2011 and 2012, Scott Strobel was the President of the Pinal County Deputies Association.

21. In 2012, during Mr Strobel's time as union President, Paul Babeu was seeking re-election as Pinal County Sheriff.

22. The Pinal County Deputy's Association voted to support Paul Babeu's opponent.

23. Mr. Strobel informed Paul Babeu of the Association's decision.

24. Paul Babeu urged Mr. Strobel to override the vote as president of the Union.

25. Mr. Strobel refused to override the vote of the Association.

26. In 2012, as president of PCDA, Scott Strobel prevented the Paul Babeu from altering existing policies related to removal of shotguns from the department's weapons arsenal, and elimination of the uniform allowance switching, over to a Quartermaster program.

27. Babeu was able to alter the policies once Scott Strobel was no longer President of the PCDA.

28. In July of 2014, a complaint was lodged against Scott Strobel by Johnson Utilities where Mr. Strobel was cleared of any wrong doing or policy violation.

29. Upon information and belief, Paul Babeu directed his subordinates to suspend Mr. Strobel for 8 hours without cause related to the Johnson Utilities complaint.

30. On November 3, 2015, Chris Shandley claimed that Strobel had been involved in a sexual relationship with his brother twelve years previously when his brother was a minor.

31. Despite the obvious conflict of interest, given Strobel's employment with the Pinal County Sheriff's Office, his status as persona non gratis with Paul Babeu, and his prior position as President of the Pinal County Deputies Association, Babeu's office initiated a criminal investigation of Strobel.

32. Upon information and belief, Babeu personally guided the investigation by providing instructions, directives and setting expectations regarding the criminal investigation to his deputies.

33. Detective Shawn Wilson was the assigned Detective who handled the investigation. Wilson was never able to corroborate the allegation, and the investigation he conducted uncovered only exculpatory evidence.

34. Despite the lack of probable cause, Wilson proceeded to Grand Jury, where he provided materially false and misleading testimony as outlined in Strobel's Motion to Remand.

35. In addition to the criminal investigation, Strobel also became the subject of internal affairs investigation.

36. Upon information and belief, Babeu also guided the internal investigation by providing instructions and directives and setting expectations regarding the internal investigation of Mr. Strobel.

37. This resulted in Officers and Detectives involved in the investigation providing materially false information during the investigation and subsequent termination proceedings.

38. Upon information and belief, there was no probable cause to arrest or prosecute Strobel for Luring a Minor for Sexual Exploitation and multiple counts of Sexual Conduct with a minor.

39. Upon information and belief, Babeu met with Voyles regarding the criminal investigation of Mr. Strobel.

40. Upon information and belief, Babeu improperly inserted himself into the charging decision process of the Pinal County Attorney's Office.

41. Upon information and belief, Babeu and Voyles conspired to bring charges against Mr. Strobel without probable cause and in violation of his civil rights.

42. Upon information and belief, Babeu and Voyles entered into a conspiracy to violate Strobel's civil rights in retaliation for his refusal to override the Deputies' Association's decision to back Babeu's political opponent and/or for Strobel's role in an effort to unionize Pinal County Deputies.

43. When they sought election in 2012, Babeu and Voyles ran as the "law and order" team but were under pressure from the Board of Supervisors to keep costs down.

44. Unionized deputies would have been an impediment to Babeu's cost containment efforts.

45. Upon information and belief, Voyles set expectations for members of his office to file criminal charges against Mr. Strobel, despite the lack of probable cause.

46. On March 2, 2016, during the first Grand Jury presentation, the Pinal County Attorney's Office and the Pinal County Sheriff's Office failed to present information in a fair and impartial manner, provided false and misleading information to the grand jury, and failed to provide clearly exculpatory information to the Grand Jury.

47. The Grand Jury presentation was so improper that, facing a motion to remand the case back to Grand Jury, the Pinal County Attorney's Office nullified their own proceeding and took the case to a second Grand Jury.

48. The internal "investigation" was completed on March 24, 2016.

49. A supervisor signed off on the internal investigation on March 31, 2016.

50. Scott Strobel was provided a notice of termination from his employment with the Pinal County Sheriff's Office on March 23, 2016.

51. Both Babeu and Voyles publicized the criminal investigation into Strobel, and Babeu also publicized Strobel's termination from his employment.

52. After a fair and accurate presentation of the facts, the Grand Jury found there was insufficient corroboration and/or evidence to meet the probable cause standard and issued a "NO TRUE BILL" finding.

53. On June 20, 2016, the case terminated in Mr. Strobel's favor and was dismissed.

## COUNT I

### *(42 U.S.C. § 1983, malicious prosecution, against Defendants Babeu, Wilson, and Voyles)*

54. Plaintiffs re-allege and incorporate by reference Paragraphs 1-53.

55. Plaintiff Strobel claims damages against Defendants Babeu, Wilson, and Voyles under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments for violation of his Constitutional rights under color of state law.

56. Defendants instituted, prosecuted, and continued the criminal prosecution of Scott Strobel.

57. Defendants were motivated by malice.

58. Defendants initiated and continued the prosecution without probable cause.

59. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss.

## COUNT II

### *(42 U.S.C. § 1983, failure to investigate, against Defendants Babeu, Wilson, and Voyles)*

60. Plaintiffs re-allege and incorporate by reference Paragraphs 1- 59.

61. Plaintiff Strobel claims damages against Defendants Babeu, Wilson, and Voyles under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments for violation of his Constitutional rights under color of state law.

62. Defendant Babeu continued both a criminal and internal investigation in Strobel without probable cause after his office failed, despite their efforts, to develop corroborating evidence to support probable cause.

66. Defendants Babeu and Wilson failed to consider exculpatory evidence, failed to conduct even a minimally competent investigation, and pressed forward without probable cause.

67. Defendants Babeu and Voyles conspired to initiate and continue a criminal prosecution against Strobel without probable cause.

68. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

## COUNT III

### (42 U.S.C. § 1983, retaliatory prosecution, against Defendants Babeu and Voyles)

69. Plaintiffs re-allege and incorporate by reference Paragraphs 1-68.

70. Plaintiff Strobel claims damages against Defendants Babeu and Voyles under 42 U.S.C. § 1983 and the First, Fifth, and Fourteenth Amendments for violation of his Constitutional rights under color of state law.

71. Upon information and belief, Strobel's protected First Amendment speech motivated the conspiracy Babeu and Voyles entered into, and Strobel was prosecuted in retaliation for his protected exercise of free speech.

72. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

## COUNT IV

### *42 U.S.C. § 1983 (Monell liability) against Defendant Pinal County*

73. Plaintiffs re-allege and incorporate by reference Paragraphs 1-72.

74. Defendant Strobel claims damages against Defendant Pinal County under 42 U.S.C. 1983 and the First, Fourth, Fifth, and Fourteenth Amendments for violation of his Constitutional rights under color of state law.

75. Defendants Babeu and Voyles are policy-makers for Pinal County.

76. The Pinal County Sheriff's Office, under Babeu's guidance, had a policy and practice of politicizing criminal investigations and arrests.

77. The Pinal County Sheriff's Office, under Babeu's guidance, had a policy and practice of using internal investigations for political purposes.

78. These policies and practices were the moving force behind the PCSO's decision to arrest Strobel without probable cause.

79. Defendant Voyles had a policy and practice of conspiring with Babeu when it suited their political purposes and using the power of his office to further Babeu's political ends.

80. Defendant Voyles' policy and practice was the moving force behind his prosecution of Strobel without probable cause.

81. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

## COUNT V

### *42 U.S.C. § 1985 (conspiracy to violate civil rights) against Defendants Babeu and Voyles*

82. Plaintiffs re-allege and incorporate by reference Paragraphs 1-81.

83. Plaintiff Strobel claims damages against Defendants Babeu and Voyles under 42 U.S.C. § 1985 and the First, Fourth, Fifth, and Fourteenth Amendments for conspiring to violate his civil rights under color of state law.

84. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

COUNT VI

*State Law Abuse of Process against Defendants Babeu, Wilson, and Voyles*

85. Plaintiffs re-allege and incorporate by reference Paragraphs 1-84.

86. Plaintiff Strobel claims damages against Defendants Babeu, Wilson, and Voyles for state law abuse of process for willfully misusing the court process to prosecute Strobel without probable cause to accomplish an ulterior purpose for which the process or procedure was not designed, including but not limited to political and financial ain, publicity, ambition, and personal bias.

87. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

COUNT VII

*State Law Malicious Prosecution against Defendants Babeu, Wilson, and Voyles*

88. Plaintiffs re-allege and incorporate by reference Paragraphs 1-87.

89. Plaintiff Strobel claims damages against Defendants Babeu, Wilson, and Voyles under state law for arresting and prosecuting him without probable cause.

## COUNT VIII

### *State Law Defamation against Defendants Babeu and Gaffney*

90. Plaintiffs re-allege and incorporate by reference Paragraphs 1-89.

91. Plaintiff Strobel claims damages against Defendants Babeu and Gaffney under state law for defamation.

92. Defendants made and/or released statements to the press concerning Plaintiff Scott Strobel, including, among other things accusing him of Luring a Minor for Sexual Exploitation and Sexual Conduct with a Minor.

93. Defendants' statements made and/or released to the media, including statements regarding the merits of the charges were false, defamatory and disparaging toward Scott Strobel.

94. Babeu told the press that Strobel was guilty of the crime with which he had been charged, saying, "the results of our investigation and the grand jury indictment, show that nobody is above the law and we are prepared to hold any offender accountable for their criminal acts."

95. Defendants are legally responsible and liable for the publication of the false, misleading and defamatory statements in and by multiple media outlets in Arizona and elsewhere.

96. Defendants knowingly, recklessly, or negligently disregarded the falsity of the statements.

97. The false statements contributed to end Strobel's law enforcement career and ruin his reputation.

98. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

## COUNT IX

*State Law False Light/Invasion of Privacy against Defendants Babeu and Gaffney*

99. Plaintiffs realleged and incorporate by reference the allegations in paragraphs 1-98 as though fully set forth herein.

100. Defendants knowingly or recklessly published false information or innuendo that a reasonable person would find highly offensive.

101. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

## COUNT X

*State Law Intentional Infliction of Emotional Distress against Babeu, Wilson, and Voyles*

102. Plaintiffs re-allege and incorporate by reference Paragraphs 1-101.

103. Defendants acts and/or omissions constituted extreme and outrageous conduct that Defendants' intended to inflict, and in fact inflicted, emotional distress and physical injury and/or harm upon Plaintiff Scott Strobel.

104. Defendants acts and omissions were extreme, outrageous and beyond all possible realms of decency and shock the conscience.

105. Babeu and Voyles engaged in extreme and outrageous conduct by arresting and prosecuting Strobel without probable cause, publicizing the investigation, termination, and prosecution in the news, and violating Strobel's civil rights.

106. Defendants' acts and omissions were intentionally aimed at causing Plaintiff Scott Strobel emotional distress and physical injury and/or harm and were in reckless disregard of the near certainty that such injuries would result from their conduct.

107. Defendants' actions caused Plaintiff's emotional distress.

108. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

COUNT XI

*State Law Negligent Infliction of Emotional Distress against Defendants Babeu, Wilson, and Gaffney*

109. Plaintiffs realleged and incorporate by reference the allegations in paragraphs 1-108 as though fully set forth herein.

110. Plaintiffs Susan Strobel, Larry Strobel, Logan Strobel, and Ryan Strobel claim damages against Defendants Babeu, Wilson, and Gaffney under state law for negligently inflicting emotional distress upon them.

111. Defendants acts and/or omissions negligently inflicted, and in fact inflicted, emotional distress and physical injury and or harm upon Plaintiff Scott Strobel.

112. Defendants had a duty not to negligently inflict severe emotional harm that would reasonably result in physical injury or harm to any person. The Defendants had a duty not to negligently inflict severe emotional harm to family members of Scott Strobel.

113. Upon information and belief, Babeu was aware that Scott Strobel was married and had three children when he initiated the investigation, prosecution, and publicized the investigation, termination, and prosecution of Scott Strobel.

114. Larry and Logan were the adopted children of Scott and Susan Strobel.

115. Upon the investigation and prosecution beginning Logan became fearful that he would be returned to the boys home where he lived prior to being adopted.

116. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

117. As a direct and proximate result of Defendants' acts and omissions, Susan Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness (including anxiety, depression, and insomnia),

118. As a direct and proximate result of Defendants' acts and omissions, Ryan Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, (including PTSD) and the loss of past and future income and economic loss.

119. As a direct and proximate result of Defendants' acts and omissions, Larry Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

120. As a direct and proximate result of Defendants' acts and omissions, Logan Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness (including anxiety, depression, and/or addiction) and the loss of past and future income and economic loss.

### COUNT XII

*State Law Negligence against Defendants Babeu, Wilson, and Voyles*

121. Plaintiffs realleged and incorporate by reference the allegations in paragraphs 1–120 as though fully set forth herein.

122. Defendants have both statutory and common law duties of care to Scott Strobel and all citizens when performing the functions and duties of their official positions.

123. Defendants also owe a specific duty of care to Scott Strobel with respect to conducting criminal investigations and prosecutions.

124. Defendants are legally responsible for the management of the criminal investigation system in the County and the establishment and implementation of policies, procedures and protocols that govern the investigation, processing, handling and management of criminal investigations and prosecutions under their direction and control. Their responsibilities include ensuring that the applicable policies, procedures, and protocols satisfy all federal and state standards.

125. Defendants breached their duty owed to Scott Strobel by failing to conduct the duties of their positions with reasonable care; and failing to establish and implement proper policies, procedures, and protocols governing the investigation, processing, handling and management of criminal investigations and prosecutions under their direction and control.

126. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

<u>COUNT XIII</u>

*State Law Negligence Per Se against Defendants Babeu, Wilson, and Voyles*

127. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-126 as though fully set forth herein.

128. Defendant Voyles duties, set forth in Arizona Rules of the Supreme Court, 42, Ethical Rule 3.8 include the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that a defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence.

129. Defendant Voyles failed to competently and in good faith perform the statutory duties set forth herein.

130. Defendants Babeu's and Wilson's duties as set forth in A.R.S. § 38-231 and R13-4-109 include conducting investigations in an impartial manner and not engaging in conduct that tends to diminish public trust in the law enforcement profession.

131. Defendants Babeu and Wilson failed to competently and in good faith perform the statutory duties set forth herein.

132. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or

illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

## COUNT XIV

*State Law Aiding and Abetting Tortious Conduct against Defendants Babeu, Wilson, and Voyles*

133. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1-132 as though fully set forth herein.

134. At all relevant times, each of the Defendants knew that the other Defendants were violating their duties and obligations to carry out their own individual agenda and vendetta against Plaintiff Scott Strobel.

135. Each of the Defendants substantially encouraged or assisted the others in the carrying out of the tortious conduct of the others.

136. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

## COUNT XV

*(Constructive Discharge against Defendants Babeu and Pinal County)*

137. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-136 as though fully set forth herein. Defendant Strobel alleges

138. Defendant Strobel alleges constructive discharge against Defendants Babeu and Pinal County Under A.R.S. §23-1502

139. Defendant Babeu's involvement in the investigation, prosecution, and publishing

information about the investigation, termination, or prosecution was so egregious and violated Scott Strobel's civil rights that continued employment with the Sheriff's Office was not tenable.

140. Defendant Babeu or members of the Pinal County Sheriff's Office at Babeu's direction provided false and misleading information during the merit hearing in an attempt to affirm Mr. Strobel's termination.

141. As a direct and proximate result of Defendants' acts and omissions, Scott Strobel suffered without limitation, public humiliation, mental anguish, physical injury or illness, and the loss of past and future income and economic loss (including, but not limited to, expenses for attorney's, experts, and other costs of defense).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request this Court:

A.    Enter judgment in favor of Plaintiffs and against Defendants;

B.    Enter an Order declaring the conduct of Defendants Babeu and Voyles unconstitutional;

C.    Award Plaintiffs compensatory damages in an amount to be determined by the jury;

D.    Award Plaintiffs' counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E.    Enter a permanent injunction, upon proper motion, requiring Defendant Pinal County to adopt policies and procedures that prevent county officials or their employees from publicizing adverse employment actions and law enforcement investigations, except as may be appropriate for public safety and accountability; and from pursuing

employee terminations for political reasons or in retaliation for an employee's exercise

of free speech; and

F.    Grant Plaintiffs such other and further relief as may be justified by the

circumstances, including damages and equitable relief.


DATED this _10_ ᵗʰ day of May, 2017.

ROWLEY LONG & SIMMONS

By:_____

Matthew S. Long
3707 E. Southern Ave, Ste 1103
Mesa, AZ 85206
Attorney for Plaintiffs