# EXHIBIT B



P I N A L · C O U N T Y
*wide open opportunity*

## SERVICE OF PROCESS FORM

| | |
|---|---|
| **Claim Number:** | 201700435 |
| **Title** | Scott Strobel, Susan Strobel, Ryan Strobel, Larry Strobel, Logan Strobel v. Pinal County Sheriff's Office, Pinal County Attorney's Office, Pinal County Board of Supervisors; Deos I-XX, and Black and White Corporations |
| **Type of Cause:** | Summons; Complaint; Certificate regarding Compulsory Arbitration, Compliant. |
| **Date/Time of Service:** | 3/9/2017 – 1:28 P.M. |

**How was Service Made?**

( x ) Process Server:   Floyd Brown
(  ) Certified Mail
(  ) First Class Mail
(  ) Other:

**Person receiving service:**   ~~Sheri Cluff~~ *AmberLee Taylor*

**Position:**   *Deputy* Clerk of the Board

**# of Pages:**   12

Notice of Acknowledgment of Service

_____3/14/17_____
Date

_____
Signature

**Original:**   Chris Keller

BOARD OF SUPERVISORS

135 North Pinal Street  Building A  Post Office Box 827   Florence AZ 85232     T 520-866-6098     F 520-866-6355   www.pinalcountyaz.gov

Matthew S. Long, #022566
ROWLEY LONG & SIMMONS PLLC
3707 E Southern Avenue, Ste. 1103
Mesa, Arizona 85206
P: (480) 500-7028
Firm Email: info@votslaw.com

*Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| SCOTT STROBEL; SUSAN STROBEL; RYAN STROBEL; LARRY STROBEL; LOGAN STROBEL, A Minor, by and through his next friend, SCOTT STROBEL <br><br> Plaintiffs, <br><br> vs. <br><br> THE PINAL COUNTY SHERIFF'S OFFICE; THE PINAL COUNTY ATTORNEY'S OFFICE; THE PINAL COUNTY BOARD OF SUPERVISORS; DOES I-XX and BLACK & WHITE CORPORATIONS I-V, <br><br> Defendants. | Case No.: CV2017000435 <br><br> **SUMMONS** <br><br> STEPHEN F MCCARVILLE |

**THE STATE OF ARIZONA TO DEFENDANTS:**

*Pinal County Sheriff's Office*
*c/o Sherri Cluff, Clerk of Board of Supervisors*
*135 N. Pinal Street, Building A*
*Florence, AZ 85132*

**YOU ARE HEREBY SUMMONED** and required to appear and defend in this action, in this Court within the following time limits:

**TWENTY DAYS** after the service of this Summons upon you, if you were served within the State of Arizona, or

*THIRTY DAYS* after the service of this Summons upon you, if you were served outside of the State of Arizona.

*TO APPEAR AND DEFEND*, you must file a Response upon the Plaintiff's attorney, within the above time limits.

Under Rule 10(d) A.R.C.P. and Section 12-311 A.R.S., all answers must be in writing, filed in the Clerk's office and be accompanied by the necessary filing fee.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three judicial days in advance of a scheduled Court proceeding.

*IF YOU DO NOT APPEAR AND DEFEND*, a judgment by default will be entered against you for the relief requested in the Complaint.

The Plaintiffs' attorneys are: Matthew S. Long of ROWLEY LONG & SIMMONS, 3707 E. Southern Ave, Ste 1103, Mesa, AZ 85206; (480) 500-7028.

SIGNED AND SEALED this date:   3/3/17

AMANDA STANFORD

Clerk of Superior Court

Deputy Clerk

FILED PINAL COUNTY
SUPERIOR COURT
AMANDA STANFORD

MAR 0 3 2017

Matthew S. Long, #022566
ROWLEY LONG & SIMMONS PLLC
3707 E Southern Avenue, Ste. 1103
Mesa, Arizona 85206
P: (480) 500-7028
Firm Email: info@votslaw.com

*Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| SCOTT STROBEL; SUSAN STROBEL; RYAN STROBEL; LARRY STROBEL; and LOGAN STROBEL, A Minor, by and through his next friend, SCOTT STROBEL <br><br> Plaintiffs, <br><br> vs. <br><br> THE PINAL COUNTY SHERIFF'S OFFICE; THE PINAL COUNTY ATTORNEY'S OFFICE; THE PINAL COUNTY BOARD OF SUPERVISORS; DOES I-XX and BLACK & WHITE CORPORATIONS I-V, <br><br> Defendants. | Case No.: CV2 01 7 0 0 4 3 5 <br><br> **COMPLAINT** <br><br> Tort Non-Motor Vehicle/Defamation; Infliction of Emotional Stress; Wanton and Willful Conduct; and Constructive Discharge <br><br> STEPHEN F. MCCARVILLE |

Plaintiffs, by and through his counsel undersigned, makes the following allegations of defamation with Actual Malice, Defamation with Negligence, Defamation with Reckless Disregard, Negligent Infliction of Emotional Distress, Willful and Wonton Conduct, and Constructive Discharge:

1. The events giving rise to the cause of action set forth herein occurred within the County of Pinal, State of Arizona, therefore, this Court has jurisdiction over the subject matter and the parties to this litigation.

2. That Defendants, upon information and belief, are public entities existing under the laws of the State of Arizona and havre been duly noticed of this claim pursuant to A.R.S. § 12-821, et seq., and Rule 4(d) of the Arizona Rules of Civil Procedure

3. That Defendants, THE PINAL COUNTY SHERIFF'S OFFICE, THE PINAL COUNTY ATTORNEY'S OFFICE, and THE PINAL COUNTY BOARD OF SUPERVISORS, were at all times relevant hereto doing business in the State of Arizona, County of Pinal.

4. The alleged acts were commited by employees of the named defendants. At the time of the alleged conduct the employees were acting in the course and scope of their employment of the named defendants.

5. The "Doe" Defendants I-XX are each fictitious names to designate unknown parties who may have in some manner contributed to Plaintiffs' injuries and damages and are liable therefore. The true names for said Defendants are unknown to the Plaintiffs at this time and leave of Court is sought to amend this Complaint to include their true names after they are discovered.

6. The "BLACK & WHITE CORPORATIONS" Defendants I-V are each fictitious names to designate unknown companies and/or corporations and/or partnerships who may have in some manner contributed to Plaintiffs' injuries and damages and are liable therefore. The true names for said Defendants are unknown to the Plaintiffs at this time and leave of Court is sought to amend this Complaint to include their true names after they are discovered.

## GENERAL ALLEGATIONS

7. Between November 2015 and March of 2016, the Pinal County Sheriff's Office initiated and conducted a criminal investigation which targeted Plaintiff, Scott Strobel.

8. During that same time, the Pinal County Sherriff's Office initiated and conducted an internal investigation which targeted Plaintiff, Scott Strobel.

9. At all times relevant Scott Strobel was an Arizona Post certified law enforcement officer employed as a Pinal County Sheriff Deputy.

10. Between 2011 and 2012, Scott Strobel was the President of the Pinal County Deputies Association.

11. During Mr Strobel's time as union President, Paul Babeu was seeking re-election as Pinal County Sheriff.

12. The Association voted to support Paul Babeu's opponent.

13. Mr. Strobel informed Paul Babeu of the Association's decision.

14. Paul Babeu urged Mr. Strobel to override the vote as president of the Union.

15. Mr. Strobel refused to override the vote of the Association.

16. Upon information and belief, Paul Babeu was aware of the details of the investigations against Mr. Strobel.

17. The Pinal County Sheriff's Office ignored a conflict of interest on initiating and conducting a criminal investigation against Mr. Strobel.

18. Upon information and belief, Paul Babeu provided instructions and directives regarding the criminal investigation of Mr. Strobel.

19. Upon information and belief, Paul Babeu provided instrutions and directives regarding the internal investigation of Mr. Strobel.

20. Upon information and belief, there was insufficient corroboration to meet a burden of probable cause in a case involving a sexual allegation.

21. Upon information and belief, Paul Babeu met with Lando Voyles regarding the criminal investigation of Mr. Strobel.

22. Upon information and belief, Paul Babeu improperly asserted himself into the charging decision process of the Pinal County Attorney's Office.

23. Upon information and belief, Paul Babue and Lando Voyles colluded to bring charges against Mr. Strobel without sufficient corroboration or evidence.

24. Upon information and belief, Lando Voyles directed members of his office to file criminal charges against Mr. Strobel.

25. On March 2, 2016, during the Grand Jury presentation, the Pinal County Attorney's Office and the Pinal County Sheriff's Office failed to present information in a fair and impartial mannter, provided false and misleading information to the grand jury, and failed to provide clearly exculpatory information to the Grand Jury.

26. The internal investigation was completed on March 24, 2016.

27. A supervisor signed off on the investigation on March 31, 2016.

28. Scott Strobel was provided a notice of termination on March 23, 2016.

29. On April 26, 2016 Mr. Strobel's attorney filed a motion to remand for a new finding of probable cause on the grounds that the Pinal County Attorney's Office and the Pinal County Sheriff's Office prior presentation to the grand jury was not fair and impartial, presented false and misleading testimony, and failed to present clearly exculpatory evidence.

30. After this motion was filed, The Pinal County Sheriff's Office and The Pinal County Attorney's Office re-presented the case to the grand jury and provided additional facts to the Grand Jury as demanded by Mr. Strobel's attorney.

31. The Grand Jury found there was insufficient corroboration and/or evidence to meet the probable cause standard and the case against Mr. Strobel was dismissed.

**Count I:**
**Defamation with Actual Malice and/or Defamation with Negligence**

32. Plaintiffs hereby incorporates into this Claim for Relief each and every allegation set forth above as if fully set forth and repeated herein.

33. On March 4, 2016, The Pinal County Sheriffs Office made, said, or wrote the first false statement regarding Mr. Strobel when they provided a false statement to the press, a third party.

34. Subsequent to March 4, 2017, Paul Babeu and/or employees of The Pinal County Sheriff's Office made, said, or wrote additional false statements regarding Mr. Strobel to the press and/or another a third party.

35. Subsequent to March 4, 2017, Lando Voyles and/or employees of The Pinal County Attorney's Office made, said, or wrote false statements regarding Mr. Strobel to the press and/or another third party.

36. The Pinal County Sheriff's Office and Pinal County Attorney's Office was grossly negligent in failing to determine the truth of the statements.

37. The Sheriff's Office knew the statements were false or acted with reckless disregard of whether the statements were true or false.

**Count II**
**Infliction of Emotional Distress**

38. Plaintiffs hereby incorporates into this Claim for Relief each and every allegation set forth above as if fully set forth and repeated herein.

39. Paul Babeu or an agent acting on his behalf, directed the investigation and directed the Pinal County Attorney's Office to file charges despite insufficient evidence.

40. Paul Babeu or an agent acting on his behalf, disclosed false information to a third party regarding the criminal and internal investigation.

41. Paul Babeu or an agent acting on his behalf, provided confidential information related to the internal investigation of Scott Strobel to a member of the press which violated Pinal County Sheriff policies and the rights of Mr. Strobel.

42. The Pinal County Attorney's Office abdicated its independent decision making power in determining whether sufficient evidence exists to proceed with an indictment.

43. The Pinal County Sheriff's Office and Pinal County Attorney's office engaged in further conduct with caused emotional distresss to the plaintiffs.

44. Scott Strobel was deprived of due process by the Pinal County Sheriff's Office and the Pinal County Attorney's Office when they investigated and prosecuted Mr. Strobel.

45. The Pinal County Sheriff's Office engaged in conduct during the merit review process which caused damages to Plaintiffs.

46. Defendants' conduct inflicted emotional distress on Mr. Strobel's wife, Susan Strobel, and also on Mr. Strobel's sons, Ryan, Larry, and Logan.

Count III
Wonton and Willful Conduct (Aggravated Negligence)

47. Plaintiffs hereby incorporates into this Claim for Relief each and every allegation set forth above as if fully set forth and repeated herein.

48. Throughout the investigation and prosecution of Mr. Strobel, The Pinal County Sheriff's Office and Pinal County Attorney's Office demonstated reckless indifference to Mr. Strobel being falsely charged with a sexual crime without sufficient evidence.

49. The Pinal County Sheriff's Office engaged in conduct during the merit review process which caused damages to Plaintiffs

50. Defendants' conduct inflicted emotional distress on Mr. Strobel's wife, Susan Strobel, and also on Mr. Strobel's sons, Ryan, Larry, and Logan.

Count IV
Constructive Discharge

51. Plaintiffs hereby incorporates into this Claim for Relief each and every allegation set forth above as if fully set forth and repeated herein.

52. Members of the Pinal County Sheriff's Office provided false and misleading information during the merit hearing in an attempt to affirm Mr. Strobel's termination.

53. Paul Babeu or other members of the Pinal County Sheriff's Office asserted their belief that Mr. Strobel committed a sexual crime despite a finding by the merit board that the termination should be reversed and despite the existence of insufficient evidence or corroboration.

54. The conduct described above resulted in constructive discharge pursuant to A.R.S. 23-1502.

55. That as a result of Defendants' conduct as stated above, Plaintiff, SCOTT STROBEL has sustained damages to reputation, lost wages, permanent personal injuries, which have caused pain, suffering and inconvenience which will continue, and has incurred expenses for attorneys fees related to the criminal defense, medical care which will continue. Plaintiff asks leave to amend as necessary to conform to the proof regarding the exact amount of said past and future losses.

56. That as a result of Defendants' conduct as stated above, Plaintiff, SUSAN STROBEL, has incurred permanent personal injuries, which have caused pain, suffering and

invonvenience which will continue, and has incurred expenses for medical care which will continue. Plaintiff asks leave to amend as necessary to conform to the proof regarding the exact amount of said past and future losses.

57. Plaintiff, RYAN STROBEL, has incurred permanent personal injuries, which have caused pain, suffering and invonvenience which will continue, and has incurred expenses for medical care which will continue. Plaintiff asks leave to amend as necessary to conform to the proof regarding the exact amount of said past and future losses.

58. Plaintiff, LARRY STROBEL, has incurred permanent personal injuries, which have caused pain, suffering and invonvenience which will continue, and has incurred expenses for medical care which will continue. Plaintiff asks leave to amend as necessary to conform to the proof regarding the exact amount of said past and future losses.

59. Plaintiff, LOGAN STROBEL, has incurred permanent personal injuries, which have caused pain, suffering and invonvenience which will continue, and has incurred expenses for medical care which will continue. Plaintiff asks leave to amend as necessary to conform to the proof regarding the exact amount of said past and future losses.

Damages herein exceed the minimum jurisdictional limits of the Court.

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants, as follows:

A. For such sums as and for general damages as may be fair and just.

B. For those special damages incurred to date, plus those future special damages proved at the time of trial.

C. For costs the suit herein; and,

D. For such other and further relief as the Court deems just and proper.

DATED this 3rd day of March, 2017.

ROWLEY LONG & SIMMONS

By:_____
Matthew S. Long
Attorney for Plaintiff

FILED PINAL COUNTY
SUPERIOR COURT
AMANDA STANFORD

MAR 0 3 2017

1  Matthew S. Long, #022566
   ROWLEY LONG & SIMMONS PLLC
2  3707 E Southern Avenue, Ste. 1103
   Mesa, Arizona 85206
3  P: (480) 500-7028
   Firm Email: info@votslaw.com
4
   *Attorneys for Plaintiff*
5

6          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
7              IN AND FOR THE COUNTY OF PINAL

8  SCOTT STROBEL; SUSAN STROBEL;        )  Case No.: CV2 01700435
   RYAN STROBEL; LARRY STROBEL;         )
9  LOGAN STROBEL, A Minor, by and through )
   his next friend, SCOTT STROBEL        )  CERTIFICATE RE: COMPULSORY
10                                        )           ARBITRATION
                                          )
11         Plaintiffs,                    )
                                          )
12 vs.                                    )
                                          )
13 THE PINAL COUNTY SHERIFF'S OFFICE;    )  STEPHEN F. MCCARVILLE
   THE PINAL COUNTY ATTORNEY'S           )
14 OFFICE; THE PINAL COUNTY BOARD OF     )
   SUPERVISORS; DOES I-XX and BLACK &    )
15 WHITE CORPORATIONS I-V,               )
                                          )
16         Defendants.                    )
                                          )
17 ─────────────────────────────────

18         The undersigned certifies that he knows the dollar limits and any other limitations set

19 forth by the local rules of practice for the applicable superior court, and further certifies that this

20 case *is not* subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona

21 Rules of Civil Procedure.

22         DATED this 3rd day of March, 2017.

23                                        ROWLEY LONG & SIMMONS

24

25                                        By: _____
                                              Matthew S. Long
26                                            Attorney for Plaintiff