1  **JELLISON LAW OFFICES, PLLC**
   2020 North Central Avenue
2  Suite 670
   Phoenix, Arizona 85004
3  Telephone:  (602) 772-5520
   Facsimile:  (602) 772-5509
4  E-mail:  jim@jellisonlaw.com

5  JAMES M. JELLISON, ESQ.  #012763
   Attorney for Pinal County Defendants
6

7
                 IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
8
                      IN AND FOR THE COUNTY OF PINAL
9
   SCOTT STROBEL; SUSAN STROBEL;          Case No.: CV2017-00435
10 RYAN STROBEL; LARRY STROBEL;
   and LOGAN STROBEL, A Minor, by and
11 through his next friend, SCOTT STROBEL,

12             Plaintiffs,                 **MOTION TO DISMISS**

13 vs.
                                          **[Assigned to Honorable Stephen F.**
14 THE   PINAL   COUNTY   SHERIFF'S      **McCarville]**
   OFFICE;   THE   PINAL   COUNTY
15 ATTORNEY'S   OFFICE;   THE   PINAL
   COUNTY BOARD OF SUPERVISORS;
16 DOES  I-XX  and  BLACK  &  WHITE
   CORPORATIONS I-V,
17
               Defendants.
18

19        Pursuant  to  Ariz.R.Civ.P.  12(b),  Defendants  Pinal  County  Sheriff's  Office,  Pinal

20 County  Attorney's  Office,  and  the  Pinal  County  Board  of  Supervisors  [hereinafter  and
21
   collectively, the "Pinal County Defendants"], through undersigned counsel, hereby submit their
22
   Motion to Dismiss requesting that Plaintiffs' Complaint be dismissed.  This Motion is supported
23
24 by the attached Memorandum of Points & Authorities.

25

26

FILED PINAL COUNTY
SUPERIOR COURT-CASA GRANDE
AMANDA STANFORD

MAR 2 9 2017

RESPECTFULLY SUBMITTED this 29th day of March, 2017.

JELLISON LAW OFFICES, P.L.L.C.

James M. Jellison
Attorney for Pinal County Defendants

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION.

On or about March 3, 2017, Plaintiffs filed their Complaint. The Complaint arises from allegations associated with a criminal investigation and grand jury indictment occurring in the November 2015 to March 2016 timeframe. Plaintiffs allege state law claims only, which include 1) Defamation with Actual Malice and/or Defamation with Negligence, 2) Infliction of Emotional Distress, 3) Wanton and Willful Conduct (Aggravated Negligence), and 4) Constructive Discharge.

### II.    STANDARD OF REVIEW.

Arizona courts assess the sufficiency of a claim under Rule 8's requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ariz.R.Civ.P. 8. Arizona follows the notice pleading standard, the purpose of which is to "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Mackey v. Spangler*, 81 Ariz. 113, 115, 301 P.2d 1026, 1027-28 (1956). If a pleading does not comply with Rule 8, an opposing party may move to dismiss the action for "[f]ailure to state a claim upon which relief can be granted." Ariz. R. Civ. P. 12(b)(6). When adjudicating a Rule 12(b)(6) motion to dismiss, Arizona courts look only to the pleading itself and consider the well-pled factual allegations contained therein. *See, e.g., Dressler v. Morrison*, 212 Ariz. 279, 281, 130 P.3d 978, 980 (2006); *Long*

*v. Ariz. Portland Cement Co.*, 89 Ariz. 366, 367-68, 362 P.2d 741, 742 (1961). Courts must also assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom. *Doe ex rel. Doe v. State*, 200 Ariz. 174, 175, 24 P.3d 1269, 1270 (2001); *Long*, 89 Ariz. at 367, 362 P.2d at 742. Because Arizona courts evaluate a complaint's well-pled facts, mere conclusory statements are insufficient to state a claim upon which relief can be granted. The inclusion of conclusory statements does not invalidate a complaint, *Long*, 89 Ariz. at 369, 362 P.2d at 743, but a complaint that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard under Rule 8. *Cullen v. Auto-Owners Ins. Co.* 218 Ariz. 417, 419, 189 P.3d 344, 346 (Ariz. 2008). A motion to dismiss is properly granted where the plaintiff is not entitled to any relief under the facts stated in the complaint for the legal claims asserted. *See, Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 186, 677 P.2d 1292, 1294 (1984), *overruled on other grounds, Gibson v. Kasey*, 214 Ariz. 141, 150 P.3d 228 (2007).

## III.   STATEMENT OF FACTS.

Under the applicable standard of review for a Rule 12(b) motion to dismiss, the Pinal County Defendants will state the well-pled allegations of Plaintiffs' Complaint as if they were true. Defendants' citation to these facts are done for purposes of this Motion only, and should not be construed as a general agreement with any alleged fact.

Between approximately November, 2015, and March, 2016, the Pinal County Sheriff's Office is alleged to have initiated and conducted criminal and internal investigations which targeted Pinal County Sheriff's Deputy Scott Strobel. (Complaint, ¶¶7-9). Prior to that, during approximately 2011 and 2012, Strobel was president of the Pinal County Deputies

Association, which Association had opposed the re-election of then-Sheriff Paul Babeu. (Complaint, ¶¶10-15)[1].

On March 2, 2016, the Pinal County Attorney's Office and Pinal County Sheriff's Office are alleged to have participated in Grand Jury proceedings in which they allegedly failed to present information in a fair and impartial manner, allegedly provided false and misleading information, and alleged failed to provide exculpatory evidence. (Complaint, ¶25). On March 4, 2016, and at some time or times subsequent, the Pinal County Sheriff's Office and/or the Pinal County Attorney's Office are alleged to have made some false statement or statements to the press, or third parties. (Complaint, ¶¶33-35).

Plaintiff Strobel alleges that on March 23, 2016, he was provided with a notice of termination, even though the internal investigation was completed on March 24, 2016, and signed-off by a supervisor on March 31, 2016. (Complaint, ¶¶26-28).

On April 26, 2016, Stobel's attorney filed a motion for remand for a new finding of probable cause on the grounds that the Pinal County Attorney's Office and Pinal County Sheriff's Office allegedly failed to present information in a fair and impartial manner to the Grand Jury, allegedly provided false and misleading information, and alleged failed to provide exculpatory evidence. (Complaint, ¶29). The case was re-presented to the Grand Jury, allegedly with the additional facts demanded by Strobel's attorney, with no resulting indictment. (Complaint, ¶¶30-31).

---

[1] Although the Complaint goes on to make several vague allegations in paragraphs 18-23 that Sheriff Babeu provided certain instructions and directives regarding the criminal and internal investigations, and allegedly met with then-County Attorney Lando Voyles regarding the criminal investigation and criminal charging, none of these allegations provide non-conclusory factual allegations that may be relied upon. *See, Cullen, supra.* Even if this Court credits these allegations, the analysis contained in this Motion remains unaffected.

1    Strobel later obtained a reversal of his job termination through the merit process,

2    though the Sheriff's Office continued to maintain, during those proceedings, that Strobel had

3    committed a sex crime.  (Complaint, ¶53).

4    **IV.   LEGAL ANALYSIS.**

5        A. **The Pinal County Sheriff's Office And Pinal County Attorney's Office**

6           **Are Not Jural Entities Subject To Suit.**

7        The Pinal County Sheriff's Office and Pinal County Attorney's Office move for

8    dismissal because they are not jural entities, and, thus, are incapable of being sued in their

9    own name.  Under Arizona law, "[g]overnment entities have no inherent power and possess

10   only those powers and duties delegated to them by their enabling statutes. Thus, a

11   governmental entity may be sued only if the legislature has so provided." *Braillard v.*

12   *Maricopa County*, 224 Ariz. 481, 232 P.3d 1263, 1269 (App. 2010) (citations omitted).  In

13   *Braillard*, the Arizona Court of Appeals recognized, at that time, the question of "[w]hether

14   MCSO [the Maricopa County Sheriff's Office] is a nonjural entity is apparently an issue of

15   first impression in our state courts." Id. The Court noted, "[a]lthough A.R.S. §11–201(A)(1)

16   provides that counties have the power to sue and be sued through their boards of supervisors,

17   no Arizona statute confers such power on MCSO as a separate legal entity." Id.  *Braillard*

18   "therefore conclude[d] MCSO is a nonjural entity and should be dismissed from th[e] case."

19   Id.

20

21       A.R.S. §§11-441, et. seq. and 11-532 prescribe the powers and duties of County

22   Sheriffs and County Attorneys which, unlike A.R.S. §11–201(A)(1), do not include the power

23   to sue or be sued.  In addition to the controlling authority found in *Braillard*, the U.S. District

24   Court for Arizona routinely finds that Sheriffs and County Attorney's Offices are non-jural

25   entities and have dismissed them when named as parties.  *Wilson v. Yavapai County Sheriff's*

26   *Office*, 2012 WL 1067959, at *4 (D. Ariz. 2012); *Duqmaq v. Pima Cnty. Sheriff's Dep't*, 2012

WL 1605888 (D. Ariz. 2012); *Tarantino v. Dupnik*, 2012 WL 1718893 (D. Ariz. 2012); *Ekweani v. Maricopa Cnty. Sheriff's Office,* 2009 WL 976520, at *2 (D. Ariz. 2009); *Payne v. Arpaio*, 2009 WL 3756679, *3, 8 (D. Ariz. 2009).

The Pinal County Sheriff's Office and Pinal County Attorney's Office have no statutory authority to be sued and, therefore, must be dismissed from this action. *See, Braillard.*

## B. The Pinal County Board Of Supervisors Is Not A Proper Party Under The Facts Alleged.

For the state law tort claims, it is fundamental that vicarious or *respondeat superior* liability exists only for the actions of employee for whom the Pinal County Board of Supervisors has the right of control. *Robarge v. Bechtel Power Corp.*, 131 Ariz. 280, 283, 640 P.2d 211, 214 (App. 1980) (in order to hold an employer vicariously liable for the negligent acts of its employee, "the employee must be subject to the employer's control or right of control.")

Applying this principle, in *State v. Pima County Adult Prob. Dept.*, 147 Ariz. 146, 149-50, 708 P.2d 1337, 1340-41 (App. 1985), the court concluded there can be no vicarious liability on a County for the conduct of probation officers because, although the funds, facilities, and equipment are provided by the county, the right of control rests with the courts. Similarly, in *Yamamoto v. Santa Cruz County Bd. of Super.*, 124 Ariz. 538, 540, 606 P.2d 28, 30 (App. 1980), the court held that because a county board of supervisors has no right to control the activities of the justice of the peace, justice of the peace clerk, or superior court clerk, the county cannot be held liable on a theory of *respondeat superior* for their alleged negligence. *See also, Hernandez v. Maricopa County*, 138 Ariz. 143, 146, 673 P.2d 341, 344 (App. 1983) (no county liability because "Maricopa County has no power to control the implementation and execution of [justice of the peace] duties"). As for law enforcement

1   personnel, in *Hounshell v. White*, 220 Ariz. 1, 6, 202 P.3d 466, 471 (App. 2008), the court

2   held that, in the absence of specific statutory authority, a county board of supervisors does not

3   have the right or ability to supervise and impose discipline on a sheriff's deputy.

4   Indeed, under A.R.S. §11–251, the powers of Pinal County, and its Board of

5   Supervisors, do not extend to having control over Sheriff or County Attorney personnel in the

6   exercise of statutorily mandated duties, and therefore, the doctrine of *respondeat superior*

7   does not apply to impose liability on the County. *See, e.g., Vacaneri v. Ryles*, 2014 WL

8   1152883, p. 2 (D.Ariz. 2014) (county not vicariously liable for alleged actions of Sheriff's

9   Deputy); *Nevel v. Maricopa County*, 2012 WL 1623217, p. 4 (D.Ariz. 2012) (county cannot

10  be held liable for alleged liability arising from county Jail operations); *Guillory v. Greenlee*

11  *County*, 2006 WL 2816600, at *12 (D.Ariz. 2006) (county cannot be held liable for law

12  enforcement decisions by sheriff's personnel); *Fridena v. Maricopa County*, 18 Ariz.App.

13  527, 530, 504 P.2d 58, 61 (1972) (no control over sheriff in service of writs of restitution,

14  therefore, no liability under doctrine of respondeat superior liability).

15  The duties of the Sheriff, who is an elected official, are imposed by statute. The

16  legislature has imposed statutory duties on the Sheriff (and not the Board of Supervisors) that

17  require the Sheriff to, among other things, "preserve the peace," make "arrest[s]," and

18  perform other law enforcement activities. A.R.S. §11–441(A); 1990 Ariz. Op. Atty. Gen. 16,

19  No. I90-007; Ariz. Op. Atty. Gen. 66-4; Ariz. Op. Atty. Gen. 65-10-L. The duties of the

20  County Attorney, who is an elected official, are likewise imposed by statute. The legislature

21  has imposed statutory duties on the County Attorney (and not the Board of Supervisors) that

22  require the County Attorney to "[a]ttend the superior and other courts within the county and

23  conduct, on behalf of the state, all prosecutions for public offenses." A.R.S. §11–532(A)(1).

24  Here, the Pinal County Board of Supervisors has no power to control the

25  implementation and execution of the Sheriff's law enforcement activities alleged, or the

7

1  decisions and actions of the elected Sheriff regarding personnel issues.  Likewise, the Pinal
2  County Board of Supervisors has no power to control the implementation and execution of
3  the public prosecution activities alleged, or the decisions and actions of the elected County
4  Attorney, or his personnel.  There is, therefore, no master-servant or principal-agent
5  relationship, such that the doctrine of *respondeat superior* can be invoked to impute liability
6  to Pinal County (or its Board of Supervisors) for the alleged acts of the Sheriff, or his
7  Deputies, or those of the County Attorney, or his personnel.

8  <center>C.  <u>Plaintiffs Have Failed To State A Claim For Defamation.</u></center>

9  In order to make a claim for defamation, Plaintiffs must show that 1) Defendants made
10  a false statement concerning Deputy Strobel; (2) the statement was defamatory, (3) the
11  statement was published to a third party, (4) the statement was made with actual malice, and
12  (5) Deputy Strobel was damaged as a result of the statement.  *See, Morris v. Warner,* 160
13  Ariz. 55, 63, 770 P.2d 359, 367 (App. 1988).   The false statement alleged must be one of
14  objective fact, that may be provable as false.  *Turner v. Devlin,* 174 Ariz. 201, 208, 848 P.2d
15  286, 293 (1993); *Burns v. Davis,* 196 Ariz. 155, 165, 993 P.2d 1119, 1129 (App. 1999).

16  Although Plaintiff makes vague and conclusory allegations regarding a "false
17  statement," the Complaint has no actual false statements of fact.  (Complaint, ¶¶33-35).
18  Without sufficient, non-conclusory allegations showing a false statement of fact published to
19  a third party, under circumstances supporting actual malice, no defamation claim has been
20  stated.

21  <center>D.  <u>Plaintiffs Have Failed To State A Claim For Infliction Of Emotional Distress.</u></center>

22  The elements of the intentional infliction of emotional distress claim in Arizona are (1)
23  the defendant's conduct must be extreme and outrageous; (2) the defendant must either intend
24  or recklessly disregard the near certainty that emotional distress will result from the conduct;

<center>8</center>

and (3) the conduct must actually cause severe emotional distress. *Ford v. Revlon,* 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987). Plaintiffs' allegations are insufficient to support the tort, as there are no well-pled allegations showing the kind of "extreme and outrageous" behavior necessary to support the claim.   Here, Plaintiff alleges he was the subject of a criminal and internal investigation, was indicted by a Grand Jury and Strobel was fired shortly thereafter, but was able to obtain a reversal of the Grand Jury finding and reinstatement to his position. More severe allegations have been considered, and rejected, by Arizona courts as supporting the intentional infliction claim. *Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors,* 184 Ariz. 419, 909 P.2d 486, 494-95 (App. 1995) (no intentional infliction claim where employer did not renew employment contract, reduced compensation during the term of her contract, slandered and ridiculed employee, unfairly singled her out for discipline on performance grounds, and threatened her with termination); *Nelson v. Phoenix Resort Corporation,* 181 Ariz. 188, 888 P.2d 1375 (App.1994) (no claim when job termination done in front of press and after escort by armed guards); *Hunley v. Orbital Sciences Corp.,* 2006 WL 2460631, p. 4 (D. Ariz. 2006) (no viable intentional infliction claim upon allegations that the employer's supervisor "exerted excessive and undue control and inflexibility over the time and conditions of Plaintiff's performance review meetings" and "treated Plaintiff with total hostility and one-sided, false, unfair, and unfounded verbal criticism during each of these interviews.").

To the extent Plaintiffs' claim relies on a theory of negligent infliction of emotional distress, that claim too must be dismissed as Plaintiffs do not allege that Strobel suffered a manifest physical injury. *Keck v. Jackson,* 122 Ariz. 114, 116, 593 P.2d 668, 670 (1979).

### E. Plaintiffs' Fail To State A Negligence Claim.

"To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant

of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey,* 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007) (citation omitted).  Duty is an "obligation, recognized by law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Ontiveros v. Borak,* 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983) (quoting W. Prosser, *Handbook on the Law of Torts* §30, at 143 (4th ed.1971)). "The existence of a duty is a question of law that [the courts] review *de novo.*" *Diaz v. Phoenix Lubrication Serv., Inc.,* 224 Ariz. 335, 338, 230 P.3d 718, 721 (App. 2010) (citing *Ritchie v. Krasner,* 221 Ariz. 288, 295, 211 P.3d 1272, 1279 (App. 2009)).  "Whether the defendant owes the plaintiff a duty of care is a threshold issue." *Gipson,* 214 Ariz. at 143, 150 P.3d at 230; *Diaz,* 224 Ariz. at 338, 230 P.3d at 721.  A negligence action cannot be maintained absent a duty.  *Diaz, Id.*  Duty is "an expression of the sum total of those considerations of policy which lead the law to say that a particular plaintiff is entitled to protection." *Ontiveros,* 136 Ariz. at 508, 667 P.2d at 208, *quoting* William L. Prosser, *Handbook on the Law of Torts* §42, at 324-27 (4th Ed.1971). "Courts traditionally 'fix the duty point by balancing factors, including the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability.'" *Bloxham v. Glock Inc.,* 203 Ariz. 271, 53 P.3d 196, 200 (App. 2002), *quoting Hamilton v. Beretta U.S.A. Corp.,* 96 N.Y.2d 222, 727 N.Y.S.2d 7, 750 N.E.2d 1055, 1060 (2001), *quoting Palka v. Servicemaster Mgmt. Servs. Corp.,* 83 N.Y.2d 579, 611 N.Y.S.2d 817, 634 N.E.2d 189, 193 (1994).  By way of example, in *Vasquez v. State,* 220 Ariz. 304, 315-316, 206 P.3d 753, 764-765 (App. 2008), the court considered the principles in *Gipson* and *Bloxham,* holding that a county law enforcement agency does *not* owe a duty

to a decedent's surviving family members to conduct a certain type of investigation relative to identifying human remains, or to notify the surviving family members of a death.

In *Vasquez*, the court specifically held that Plaintiff Vasquez could maintain no claim on a theory that the County had "negligently" failed to identify her son's remains because the court determined there was no duty. 220 Ariz. at 317-18, 206 P.3d at 766-67.

Plaintiffs' negligence claim alleges negligence in conducting the investigation and prosecution of Strobel, and the manner in which the Sheriff's Office presented its case at the merit proceedings. (Complaint, ¶¶48-49).   Defendants are unaware of any "duty" in tort that supports a negligence claim for negligent investigation, negligent prosecution, or negligent posturing in a contested administrative proceeding.   Without any showing of duty under the circumstances alleged, the negligence claim must be dismissed.

### F.  Plaintiff's Fail To State A Claim Under A.R.S. §23-1502.

Plaintiffs allege that the position taken by the Sheriff's Office during administrative proceedings that Strobel had committed a sexual crime somehow works as a "constructive discharge" under A.R.S. §23-1502. (Complaint, ¶¶52-54).   Plaintiffs' alleged facts do not support the claim.

To succeed on this claim, the plaintiff-employee must show either (1) working conditions that are so objectively difficult or unpleasant that a reasonable employee would feel compelled to resign; or (2) outrageous conduct by the employer, such as sexual assault or threats of violence, that would similarly compel a reasonable employer to resign. A.R.S. § 23–1502(A)(1)–(2). Under the first provision, the plaintiff-employee must give at least fifteen days' notice of the *intent* to resign because of unpleasant or difficult working conditions. *See* A.R.S. § 23–1502(A)(1), (B).

Here, Plaintiffs' Complaint alleges no objectively difficult or unpleasant working conditions such that Scott Strobel would feel compelled to resign, that he did, in fact, resign

his position, of that there is an underlying, valid employment law violation to support the constructive discharge claim.   Finally, there is no allegation that Strobel gave a fifteen days' written notice of intent to resign.   Plaintiffs fail to state any kind of claim under A.R.S. § 23–1502.

### G.   Plaintiff Scott Strobel's Children Have No Independent Claim.

As for the state law claims, although Arizona law allows for a loss of consortium claim, a child may maintain a cause of action for loss of a parent's consortium only when the parent suffers a severe, permanent, and disabling injury that substantially interferes with the parent's capacity to interact with the child in a normally gratifying way.  *Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272, 782 P.2d 1162, 1165 (1989); *Villareal v. State*, 160 Ariz. 474, 480, 774 P.2d 213, 219 (1989).   In this case, there is nothing close to a severe, permanent, or disabling injury having been inflicted on Scott Strobel; nor does being charged with a crime, fired from a job, or participating in a merit proceeding,  necessary "evidence of significant interference" with the core parent-child relationship.  *See, Breeser v. Menta Group, Inc., Nfp*, 2011 WL 1465523, pgs. 8-9 (D. Ariz. 2011) (alleged tortious action resulting in loss of home, unemployment, financial hardship and strained relationships insufficient to state plausible claim for loss of parent-child consortium).   Under state law, Strobel's children have no independent or derivative cause of action.

## V.   CONCLUSION.

For all of the foregoing reasons, Plaintiffs' Complaint must be dismissed in its entirety.

1    DATED this 29th day of March, 2017.

2
                                            JELLISON LAW OFFICES, PLLC
3

4
                                            James M. Jellison
5                                           *Attorney for Pinal County Defendants*

6
     ORIGINAL filed
7    this 29th day of March, 2017 with:

8    Clerk of Court
     Pinal County Superior Court
9    971 Jason Lopez Circle
     Building A
10   Florence, AZ 85232

11
     COPY mailed same date to:
12
     Matthew S. Long
13   ROWLEY LONG & SIMMONS, PLLC
     3707 East Southern Avenue, Ste. 1103
14   Mesa, AZ 85206
     *Attorneys for Plaintiffs*
15

16

17   Kasey M. Rivera

18

19

20

21

22

23

24

25

26



FILED PINAL COUNTY
SUPERIOR COURT
AMANDA STANFORD

MAY 1 0 2017

RECEIVED
MAY 1 2 2017
By_____

1  Matthew S. Long, #022566
ROWLEY LONG & SIMMONS PLLC
2  3707 E Southern Avenue, Ste. 1103
Mesa, Arizona 85206
3  P: (480) 500-7028
Firm Email: info@votslaw.com
4
*Attorneys for Plaintiff*
5

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
6              IN AND FOR THE COUNTY OF PINAL

7
SCOTT STROBEL; SUSAN STROBEL;     ) Case No.: CV 2017-00435
8  RYAN STROBEL; LARRY STROBEL; and )
LOGAN STROBEL, A Minor, by and through )
9  his next friend, SCOTT STROBEL       )      **PLAINTIFFS' RESPONSE TO**
)      **DEFENDANTS' MOTION TO DISMISS**
10              Plaintiffs,              )
)
11  vs.                                  )
)      Tort Non-Motor Vehicle/Defamation;
12  THE PINAL COUNTY SHERIFF'S OFFICE; ) Infliction of Emotional Stress; Wanton and
13  THE PINAL COUNTY ATTORNEY'S        ) Willful Conduct; and Constructive Discharge
OFFICE; THE PINAL COUNTY BOARD OF )
14  SUPERVISORS; DOES I-XX and BLACK &  )     (Assigned to the Honorable Steven
WHITE CORPORATIONS I-V,             )              McCarville)
15                                      )
16              Defendants.             )
)
17
_____

18  I.     Introduction
19       Defendants allege numerous deficiencies with Plaintiffs' Complaint, but Plaintiffs' First
20  Amended Complaint, filed simultaneously herewith, cures any defects. Further, under Arizona's
21
notice pleading standard, Plaintiffs' Complaint states a claim upon which relief can be granted.
22  II.    Plaintiff's First Amended Complaint cures any defect in the pleadings.
23       This Court will not grant any motion to dismiss if the alleged defect in the pleadings can be
24  cured with an amendment. "Before the trial court grants a Rule 12(b)(6) motion to dismiss, the
25  non-moving party should be given an opportunity to amend the complaint if such an amendment
26

cures its defects." *Wigglesworth v. Mauldin*, 195 Ariz. 432, ¶ 26 (App.1999).   While a request

for leave to amend is one addressed to the discretion of the trial court, the policy of the rule

favors the liberal allowance of requests to amend. *Cagle v. Car*, 101 Ariz. 225, 418 P.2d 381

(1966); *Valley Farms, Ltd. V. Transcontinental Ins. Co.* 206 Ariz. 349, 78 P.3d 1070 (App.

2003). Leave to amend shall be freely given when justice requires. Rule 15 (a)(1) (B). Motions to

amend should be granted unless the court finds a specific reason to deny the amendment.

*Timmons v. Ross Dress for Less, Inc.*, 234 Ariz. 569, 572, 324 P.3d 855, 858 (App. 2014). This

holds true even in the instance where the plaintiff seeks leave to amend to plead new legal

theories and to add wholly new defendants. *Green Reservoir Flood Control Dist. v. Willmoth*, 15

Ariz. App. 406, 489 P.2d 69 (App. 1971). Defendants maintain that the Pinal County Sheriff's

Office and Pinal County Attorney's Office are not jural entities, but this is a defect that is easily

cured by Amendment. *Ellman Land Corp. v. Maricopa County*, 180 Ariz. 331, 884 P.2d 217

(1994).

    Here, Plaintiffs file their First Amended Complaint under Ariz. R. Civ. Pro. 15(a)(1)(B)

simultaneously herewith.[1]  The First Amended Complaint names the proper parties, curing the

first defect alleged by Defendants.

    The First Amended Complaint names County policy-maker Paul Babeu as a defendant in

both his individual and official capacities.  There is some confusion in Arizona's courts as to the

relationship between a county Board of Supervisors and its Sheriff's Office.  The sheriff is a

county officer.  A.R.S. § 11-401(A)(1).  As a county officer, he is subject to the supervision of

the Board of Supervisors.  A.R.S. § 11-251(1).  However, in a certain, limited contexts,

Arizona's courts have found that where a county Board has no ability to control the Sheriff, there

---

[1] Plaintiffs may amend their pleading "as a matter of course" up until the date their response to this motion is due. Ariz. R. Civ. Pro. 15(a)(1)(B).

is no county liability for his actions. To that end, Defendants cited two Arizona cases and three federal cases for the proposition that there is no county liability for the Sheriff or his employees. However, none of the cases Defendants cite hold that there is no county liability for actions taken by the Sheriff himself or that there is no liability for negligence or intentional torts committed in the conduct of law enforcement's most basic job function – investigation and arrest – nor that there is no liability for discriminatory employment actions.

Further, Plaintiffs' First Amended Complaint includes federal civil rights claims against both the individual defendants and the County. Plaintiffs assert that the County is liable for the Sheriff's actions, as well as those of his deputies, under *Monell v. Dep't. of Social Services*, 436 U.S. 658 (1978) (a governmental entity can be held liable under 42 U.S.C. § 1983 if plaintiff can show that he suffered a deprivation of civil rights and that a policy or practice of the entity's was the moving force behind the violation). It is well-settled law that the Sheriff is a final policy-maker for purposes of *Monell* liability, and every federal court in Arizona to consider the issue has held that the County can be liable for the Sheriff's actions. *See, e.g. United States v. Maricopa County*, 915 F.Supp. 2d 1073, 1083-84 (D. Ariz. 2012). Therefore, Pinal County is a proper party to this litigation.

III.     Plaintiffs have met the notice pleading standard.

Arizona adheres to the notice pleading standard. *Cullen v. Auto Owners Ins. Co.*, 218 Ariz. 417, ¶ 6 (2008). All that the standard requires is that defendants be given "fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Id.* As long as a plaintiff supports his claim with factual allegations, which the Court will take as true for purposes of the motion to dismiss, the Court will not dismiss the case unless *no interpretation* of those facts would entitle plaintiffs to relief. *Fid. Sec. Life Ins. Co. v. State Dept. of Ins.*, 191

Ariz. 222 ¶ 4 (1998) (*emphasis added*).  Plaintiff's have met the standard by alleging facts

which, if true, would entitle Plaintiff's to relief.

      a.   Defamation

      Defendants allege Plaintiffs did not sufficiently plead a claim for defamation.  However,

Plaintiffs clearly laid out the circumstances surrounding Pinal County Sheriff's Office ("PCSO")

"investigation," including the political disagreement between Plaintiff Strobel and Sheriff Babeu.

From the circumstances, the allegations are sufficient to prove that Babeu acted with malice or

reckless disregard when he issued statements regarding Strobel's termination and prosecution.

Further, the First Amended Complaint cures any defect in the pleading by alleging specific

defamatory statements.  Therefore, Plaintiffs' claim for defamation should go forward.

      b.   IIED

      Defendants' move to dismiss Plaintiff's claim for intentional infliction of emotional

distress is premature and based on a mischaracterization of Plaintiff's allegations.  Plaintiff

alleges that Defendant Babeu conspired with Defendant Voyles to prosecute Plaintiff for a sex

crime in retaliation for his activities and leadership in the Pinal County Deputies Association.

FAC ¶ 13-18.  Defendants' conduct caused Plaintiff substantial distress, put his freedom at risk,

humiliated him, terrorized him, terrified his family, compromised his health, cost him his job and

some of his friends, ended his career in law enforcement, and ruined his reputation.  FAC ¶108.

The conduct is made more egregious by its genesis.  Plaintiff alleges that the conduct was

undertaken in retaliation for his exercise of his First Amendment rights and for his refusal to

force the Deputies Association to give its political support to Babeu.  FAC ¶ 13-25.  Taking

those allegations as true, Plaintiffs have established that Defendants' conduct is extreme and

outrageous.

c.  Negligence

Plaintiffs' First Amended Complaint has cured any defects related to the negligence claim.

d.  Constructive discharge

Contrary to Defendants' assertion, A.R.S. § 23-1502 does not require fifteen days' written notice of intent to resign for a plaintiff to prevail on a claim for constructive discharge. The statute requires *either* fifteen days' written notice *or* outrageous conduct by the employer that would make a reasonable employee feel compelled to resign. *Id.* Here, Plaintiffs' Complaint alleges that PCSO, an entity tasked with the awesome powers of investigation and arrest, created a situation that would have compelled a reasonable person to resign. Plaintiffs' First Amended Complaint further alleges that Defendant Babeu, who was then the head of PCSO, was engaged in a conspiracy to violate Plaintiff's civil rights. Defendant's conduct (or the conduct of his subordinate) at the Merit Board only served to underscore his ongoing animosity toward Plaintiff and continued effort to destroy Plaintiff's career and reputation. If Plaintiffs' assertions are taken as true, a reasonable jury could find that an employer (with the power to arrest) being engaged in a conspiracy to prosecute Plaintiff without probable cause constitutes outrageous conduct that would compel any reasonable person to resign.

e.  Strobel's children

Defendants mischaracterize the basis of the Strobel children's complaint. Plaintiffs have not alleged a complaint for loss of consortium but rather an independent claim on behalf of each of the children for negligent infliction of emotional distress. Sufficient facts have been laid out to show that Defendant's' public campaign targeting Plaintiff Scott Strobel was calculated to adversely affect not just his reputation and emotional well-being, but his family's as well.

IV.    Conclusion

Under the generous notice pleading standard followed by Arizona courts, Plaintiffs have stated claims upon which relief may be granted.  Further, any defects contained in Plaintiffs' Complaint are cured by Plaintiffs' First Amended Complaint.  Therefore, this Court should deny Defendants' motion to dismiss and allow Plaintiffs a full and fair opportunity to litigate their claims.

DATED this _10th_ day of May, 2017.

ROWLEY LONG & SIMMONS

By:_____
Matthew S. Long
Attorney for Plaintiff

ORIGINAL filed
this _10th_ day of May, 2017 with:

Clerk of Court
Pinal County Superior Court
971 Jason Lopez Circle
Building A
Florence, AZ 85232

COPY mailed same date to:

James M. Jellison
JELLISON LAW OFFICES, PLLC
2020 North Central Avenue, Suite 670
Phoenix, AZ 85004
*Attorney for Pinal County Defendants*

Kristin K. Theobald